*T. B. McIntire, for appellants.*

——, *for appellees.*

---

ELISHA GASSAWAY *v.* D. F. SMITH.

**Husband and Wife—Ante-nuptial Contract.**

Where an ante-nuptial contract provides, among other things, that the property of the wife shall remain as if the marriage had never taken place, it leaves no room for construction, and excludes the husband from participating therein.

APPEAL FROM BARREN CIRCUIT COURT.

January 16, 1874.

OPINION BY JUDGE HARDIN:

There is no allegation of any mistake in reducing to writing the terms of an ante-nuptial contract. If the only object Mrs. Morris had in view by its execution was to secure her property from her husband's creditors, this was accomplished without the additional clause in reference to the disposition of the property after her death. She seems, however, to have desired something more than to secure this property for her use during her life; and in the last clause of the instrument, having previously placed her property in a secure condition as against the husband or his creditors, the instrument reads: "It is further agreed and understood between all the parties that at the death of the said Eliza Ann, said property and its increase, or all that may remain, shall vest in her lawful heirs in the same manner as if this conveyance had not been made, or said marriage not taken place. No title vested in any one of her heirs during the life of Mrs. Morris, but at her death it passed to her lawful heirs as if she had died without ever having executed such a writing."

If nothing more had been said, the husband would take as tenant by the curtesy, but the father, intending that the children of Mrs. Morris or her lawful heirs at her death should hold the property as she did, in express terms provides that the property shall pass as if the marriage has never taken place. This leaves no room for construction, and the plain language of the writing must govern. The execution of the deed by the sheriff can not in any manner control the construction of the marriage contract between the parties, and if permitted to affect their rights, evidences, as well as the marriage contract, an intention to exclude the husband. By that deed "the wife and her husband hold it free from the claims of John Morris, the husband, and all persons claiming under him." The provisions of the deed are merely aluded to in response to the suggestions of counsel, and in nowise control the decision of the case. The object in making the deed was to perfect the title in the wife.

Judgment affirmed.

*N. A. Smith, for appellant.*

*———, for appellee.*